J-S65026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLYDE ALEXANDER LONT, | |
| Appellant | No. 3068 EDA 2014 |

Appeal from the Order Entered September 23, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0003174-200921

BEFORE: BENDER, P.J.E., SHOGAN, and JENKINS, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED NOVEMBER 06, 2015**

Appellant, Clyde Alexander Lont, appeals *pro se* from the September 23, 2014 order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546. After careful review, we affirm.

We previously reported the facts and procedural history, as summarized by the trial court, as follows:

> On the evening of April 20, 2007, Bethlehem Police responded to a residence at 1933 Hillcrest Road in the City of Bethlehem, Lehigh County, Pennsylvania. Officers discovered the victim, David Rivera, with multiple gunshot wounds to his torso. Mr. Rivera died as a result of his wounds. Witnesses indicated a vehicle, which was later identified as Appellant's vehicle, was seen arriving at the residence around the time Mr. Rivera was last seen alive. Another individual, later identified as Matthew Hendricks, was also seen arriving in the area of the residence in that same vehicle. Subsequent evidence linked both Hendricks and Appellant to the car. Several witnesses advised that

Appellant admitted he was involved in killing Mr. Rivera. One witness, Janelle Gordon, indicated she was contacted by Appellant and subsequently transported Mr. Hendricks to Easton where he met with Appellant. Additionally, Gordon observed Appellant with a gun and saw him dispose of the gun.

Additional evidence and witness testimony showed that Appellant was voluntarily intoxicated on PCP at the time of the shooting. Other evidence showed that some planning occurred in this case, including the gathering of accomplices and phone calls placed to the victim by Mr. Hendricks. Based on witnesses' statements, the motive in this case appeared to be a concern by Appellant that Mr. Rivera was after him.

Following this incident, Appellant was charged in this case. On March 9, 2011, pursuant to a negotiated plea agreement, Appellant pleaded guilty to murder of the third degree and criminal conspiracy to commit first-degree murder. As part of the agreement, the minimum sentence would not exceed 16 years, but the maximum sentence could be up to 40 years. Furthermore, the Commonwealth agreed that both sentences would run concurrently. At the time of his guilty plea, Appellant had a prior record score of 3, and the charges, both graded as felonies of the first-degree, carried an offense gravity score (OGS) of 14.

At the guilty plea hearing, the trial court concluded a detailed colloquy with Appellant on the record. The trial court advised Appellant of the maximum penalties for each offense, and asked him if he understood; Appellant said, "Yes." The trial court asked Appellant if he had any questions regarding the plea agreement or the maximum penalties; he stated, "No." The trial court asked Appellant if he understood that the court could reject the plea, and if [the court] did, the trial court would allow him to withdraw his plea and go to trial; he stated, "Yes." The trial court asked Appellant if he was ever treated for a mental illness, disability, or problem[s], or if he was ever diagnosed with a mental illness, disability, or problems; he stated, "No." The trial court asked Appellant if he suffered from any physical or mental problems that prevented him from fully understanding everything that was going on; he said, "No."

Appellant also completed a written guilty plea colloquy, and indicated he went over each question with his attorney, understood each question, and answered each question

truthfully. Appellant acknowledged he completed the form by writing his answers to each question, initialing each page, and signing the form voluntarily.

The attorney for the Commonwealth then read into the record a summary of the facts of the case as summarized above. Afterwards, Appellant indicated he understood the facts alleged, and he admitted doing the things alleged by the Commonwealth. The trial court reviewed the elements of the crimes charged with Appellant, and asked Appellant if he understood the elements. Appellant advised he understood the elements of each offense and discussed them with his attorney. The trial court asked Appellant if he understood what he was doing by pleading guilty and if he was pleading guilty voluntarily; he said, "Yes." The trial court found the plea to be voluntarily and understandingly tendered, and the trial court accepted Appellant's plea conditioned upon receipt and review of a presentence investigation report (PSI).

The PSI was prepared, and the trial court reviewed the report prior to the sentencing hearing on April 15, 2011. Additionally, the trial court received and reviewed "Materials in Aid of Sentencing," prepared and submitted by Appellant's counsel, and a number of letters written by the friends and family of David Rivera. The Commonwealth then presented the testimony of Pedro Fonseca, Mr. Rivera's uncle; Steven Perez, Mr. Rivera's nephew; and Lilliam Moraza, Mr. Rivera's mother. The witnesses presented lengthy victim impact testimony, and expressed their disagreement with the guilty plea. The parties made oral argument. After reviewing all the evidence and hearing from the parties, the trial court rejected the plea as to the binding minimum of 16 years. Appellant's counsel then moved to withdraw the guilty plea and to have the trial court recuse itself. After further discussion, the parties agreed to allow Appellant more time to consider his options, and a second sentencing hearing was scheduled.

On April 25, 2011, Appellant was before the trial court again for sentencing. At the time, Appellant indicated he was willing to plead guilty with no agreement as to a minimum sentence. Additionally, Appellant indicated he was no longer asking that the trial court recuse itself. The trial court then advised Appellant that it was accepting all aspects of the negotiated plea except for the binding 16 year minimum, and asked if he understood that; he stated, "Yes." The trial court asked

Appellant if he understood he could be sentenced up to a minimum of 20 years and a maximum of 40 years; Appellant said, "Yes." Thereafter, the trial court sentenced Appellant on each count to a term of imprisonment of 20 to 40 years, to be served concurrently with each other.

The trial court indicated on the record its reasons for imposing such a sentence, which included (1) the criminal conduct of Appellant caused harm to not only David Rivera, but also his family; (2) the nature and circumstances of Appellant's criminal conduct showed a disregard for the safety of the community; (3) Appellant has a previous record of criminal activity; (4) Appellant is in need of correctional rehabilitation, which can be provided most effectively by commitment to a state correctional institution; (5) a lesser sentence would depreciate the seriousness of the crimes involved; and (6) the sentences were in accordance with the plea bargain, albeit the portion limiting the minimum sentence to 16 years.

On May 4, 2011, Appellant filed a Post-Sentence Motion for Reconsideration of Sentence and Motion to Modify Sentence. Following a hearing on May 26, 2011, the trial court denied Appellant's motion. The instant appeal followed.

Trial Court Opinion, 8/11/2011, at 1-5 (footnote omitted).

*Commonwealth v. Lont*, 1584 EDA 2011, 64 A.3d 274 (Pa. Super. filed January 11, 2013) (unpublished memorandum at 1–4).

The PCRA court[1] reported the ensuing procedural history as follows:

Following a direct appeal, [Appellant's] sentence was affirmed on January 11, 2013. At all pertinent times, [Appellant] was represented by court-appointed counsel, Gavin P. Holihan, Esquire.

On January 21, 2014, [Appellant] filed a *pro se* Post-Conviction Relief Act (PCRA) petition. I appointed Charles Banta, Esquire, to represent [Appellant], and on March 24, 2014, Attorney Banta filed a Petition to Withdraw as Counsel with an

_____

[1] The PCRA judge was also the trial judge in the instant case.

attached *Finley*[2] letter indicating the issues raised by [Appellant] were without merit. Following a hearing, I issued a notice of intent to dismiss the PCRA petition and allowed Attorney Banta to withdraw from the case. [Appellant] filed a response to my notice on August 6, 2014. After review of the response and the entire record, I dismissed [Appellant's] PCRA petition on September 22, 2014.[3] This appeal followed.

PCRA Court Opinion, 12/24/14, at 1–2 (internal footnote omitted). Both

Appellant and the PCRA court complied with Pa.R.A.P. 1925.[4]

Appellant raises the following issues for our review:

_____

[2] **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*); **see also Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988).

[3] While the PCRA court's dismissal order was dated September 22, 2014, it was entered on the docket on September 23, 2014.

[4] This appeal is timely. The applicable thirty-day appeal period expired on October 23, 2014. Our Supreme Court has held that a *pro se* prisoner's appeal shall be considered to be filed for purposes of Pa.R.A.P. 1514(a) when such appeal is deposited with prison officials or placed in the prison mailbox. **Smith v. Pennsylvania Bd. of Prob. & Parole**, 683 A.2d 278, 283 (Pa. 1996).

Appellant dated his notice of appeal October 18, 2014, and placed it into the prison mail system on October 19, 2014. As shown by the Department of Corrections Integrated Offender Case Management System, which is attached to Appellant's affidavit, United States first class postage was deducted from Appellant's inmate account on October 23, 2014. As such, we will accept Appellant's notice of appeal as timely. **Commonwealth v. Bradley**, 69 A.3d 253, 254 n.3 (Pa. Super. 2013). **See also Commonwealth v. Feliciano**, 69 A.3d 1270 (Pa. Super. 2013) (pursuant to prisoner mailbox rule, notice of appeal in PCRA case was timely); **Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (holding that pursuant to the "prisoner mailbox rule," direct appeals filed by *pro se* appellants are deemed filed on the date that the prisoner deposits the appeal with prison authorities or places it in a prison mailbox).

Whether the PCRA court erred as a matter of law and/or abused its discretion in denying and/or otherwise dismissing Appellant's petition for PCRA relief without a hearing where Appellant's claims, if proven, would entitle him to relief?

Whether the PCRA court erred as a matter of law and/or abused its discretion in declining to grant Appellant's request for judicial recusal?

Appellant's Brief at 4 (full capitalization omitted).

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014). "There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008) (quoting *Commonwealth v. Barbosa*, 819 A.2d 81 (Pa. Super. 2003)).

To be entitled to PCRA relief, an appellant must establish, by a preponderance of the evidence, that 1) his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S. § 9543(a)(2); 2) his claims have not been previously litigated or waived, *id.* at § 9543(a)(3); and 3) the failure to litigate the issue prior to or during trial or on direct appeal could not have been the result of any rational, strategic, or tactical decision by counsel. *Id.* at § 9543(a)(4).

Before going forward, it is important to note that this Court, in Appellant's direct appeal, reviewed his claim challenging the discretionary aspects of his sentence. Specifically, we addressed Appellant's contention that his sentence was "contrary to the fundamental norms of sentencing because the trial court imposed 'a sentence significantly greater than the one sought and recommended by the investigating officers, the prosecuting attorneys, the PSI reporter, and . . . counsel for Appellant.'" *Lont*, 1584 EDA 2011 (unpublished memorandum at *7) (citing Appellant's direct appeal brief). We concluded that "the transcript of the sentencing hearing makes clear that the trial court thoroughly considered and articulated the sentencing needs and goals specific to Appellant." *Id*. (unpublished memorandum at 10).

Presently, Appellant asserts trial counsel's ineffectiveness for failing to raise on direct appeal that the trial court's imposition of a minimum twenty-

year sentence violated the terms of his plea agreement, which Appellant contends was capped at sixteen years. Appellant's Brief at 15–16.

To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. *Commonwealth v. Stewart*, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*). A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any one of these prongs. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). Counsel is presumed to have rendered effective assistance of counsel. *Commonwealth v. Montalvo*, 114 A.3d 401, 410 (Pa. 2015). We have explained that trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

> It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (citations, quotation, and quotation marks omitted). "The law does not require that the defendant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is

that his decision to plead guilty be knowingly, voluntarily, and intelligently made." [**Commonwealth v.**] **Anderson**, 995 A.2d [1184,] 1192 [(Pa. Super. 2010)] (citations, quotation, and quotation marks omitted). Moreover, with regard to the prejudice prong, where an appellant has entered a guilty plea, the appellant must demonstrate "it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial." **Commonwealth v. Rathfon**, 899 A.2d 365, 370 (Pa. Super. 2006) (quotation and quotation marks omitted).

**Commonwealth v. Timchak**, 69 A.3d 765, 769–770 (Pa. Super. 2013).

Regarding Appellant's first issue, the trial court stated as follows:

[T]here is no merit to [Appellant's] claim that the sentence was in violation of the plea agreement. At the time of [Appellant's] plea, I advised the parties that I was accepting the plea "conditioned upon the court, after a presentence investigation, agreeing to accept the binding plea agreement regarding the sentence to be imposed." Notes of Testimony of Guilty Plea, March 9, 2011, p.30. [Appellant] acknowledged as much in his PCRA petition. Petition at p.2. At [Appellant's] sentencing, after reviewing the PSI and the material presented by [Appellant], and after hearing from the victim's family, I advised the parties I was rejecting the plea agreement as to the binding minimum of 16 years. [Appellant] asked for more time to consider his options, and the sentencing was continued. When we reconvened for sentencing, [Appellant] agreed to proceed with the understanding that his minimum sentence could be 20 years. Notes of Testimony (Sentencing), April 25, 2011, p.5 -9. Based on the record, [Appellant] agreed to the modified plea agreement.

Second, the record belies [Appellant's] claim that his counsel's ineffectiveness denied him appellate review of his sentence. The errors raised by counsel on [Appellant's] direct appeal dealt only with the sentence. The Superior Court reviewed the issues and determined I did not abuse my discretion in sentencing [Appellant].

PCRA Court Opinion, 12/24/14, at 2–3.

Appellant's claim that the trial court violated the terms of his plea agreement is wholly disingenuous and belied by the record. On March 9, 2011, Appellant pled guilty to third-degree murder and criminal conspiracy. At that time, the Commonwealth informed the trial court as follows:

> This is a proposed negotiated plea to Count 1 and Count 2 of the information. In this case, Count 1 would be graded as murder of the third degree; Count 2 is criminal conspiracy to commit that crime.
>
> The further terms of the agreement are that the minimum sentence would be capped at 16 years and that the maximum would be left to you.
>
> I should say, at the outset, that I have discussed this plea with the prosecuting officer and he is in agreement with it. I have also discussed this plea with the victim's family and they have indicated that they are not in favor of the plea agreement.

N.T. (Guilty Plea), 3/9/11, at 2.

In subsequent questioning of Appellant, the trial court inquired:

[By the trial court]: Now, do you understand that I can reject this plea agreement?

[Appellant]: Yes.

[By the trial court]: If I reject it, after you've entered your plea, I will allow you to withdraw your plea of guilty and go to trial. Do you understand that?

[Appellant]: Yes.

N.T. (Guilty Plea), 3/9/11, at 5–6.

A thorough and extremely detailed plea colloquy followed, and the trial court advised:

- 10 -

[By the trial court]: And once again, do you understand that I do not have to accept the plea agreement reached by you and the district attorney?

[Appellant]: Yes, sir.

[By the trial court]: Now, if I decline to follow the plea agreement, once again, and if you request, I will allow you to withdraw your plea of guilty and go to trial on the charges filed against you; do you understand that?

[Appellant]: Yes.

N.T. (Guilty Plea), 3/9/11, at 29. Appellant tendered his guilty plea, and the trial court responded:

Then I find that the plea with respect to each count is voluntarily and understandingly tendered and I will accept the plea **conditioned upon the court, after a presentence investigation, agreeing to accept the binding plea agreement regarding the sentence imposed**.

*Id*. at 30 (emphasis added).

The Pennsylvania Rules of Criminal Procedure grant the trial court broad discretion in the acceptance and rejection of plea agreements. There is no absolute right to have a guilty plea accepted. Pa.R.Crim.P. 590(3) ("The judge may refuse to accept a plea of guilty or *nolo contendere*, and shall not accept it unless the judge determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered."); ***Commonwealth v. Hudson***, 820 A.2d 720, 727-28 (Pa. Super. 2003) (same). Accordingly, our courts have reaffirmed that "while the Commonwealth and a criminal defendant are free to enter into an arrangement that the parties deem fitting, the terms of a plea agreement

- 11 -

are not binding upon the court. Rather the court may reject those terms if the court believes the terms do not serve justice." ***Commonwealth v. Chazin***, 873 A.2d 732, 737 (Pa. Super. 2005).

Subsequently, Appellant appeared for sentencing. At that time, having reviewed the presentence investigation report and other materials submitted by defense counsel, and after considering the lengthy victim-impact testimony, the trial court informed the parties that it rejected the portion of Appellant's plea agreement that bound the court to a minimum sentence of sixteen years. N.T. (Sentencing), 4/15/11, at 45. Defense counsel immediately moved to withdraw the plea, and defense counsel and the trial court engaged in extensive discussion about the trial court's rejection of the plea. *Id*. at 45–50. The trial court continued the proceedings so Appellant could discuss his options with counsel and determine whether he wanted to withdraw his guilty plea and proceed to trial, or enter a guilty plea that the court deemed acceptable.

On April 25, 2011, Appellant again appeared before the trial court and expressed his desire to plead guilty to third-degree murder and conspiracy with no agreement regarding his minimum sentence. Defense counsel addressed the court as follows:

> [By Defense Counsel]: I've discussed it with [Appellant], he is not seeking to withdraw his guilty plea. He is not seeking the [c]ourt's recusal in this matter. He is, in fact, prepared to proceed to sentencing despite the Court's indications that it will be viewing the agreement disfavorably.

[By the trial court]: Well, my only exception was to the 16-year cap on the minimum.

[By defense counsel]: Understood.

[By the trial court]: All other aspects of the plea agreement are fine. Now, that being said, would you like to question your client and get everything on the record at this point?

N.T. (Continued Sentencing), 4/25/11, at 4-5.

Thereafter, the trial court, addressing Appellant, inquired:

[By the trial court]: Now, as far as the agreement is concerned, do you understand that I am accepting all aspects of the agreement except for that portion which limits the minimum sentence to 16 years? Do you understand that?

[Appellant]: Yes.

*Id*. at 11. The trial court determined that Appellant's plea was knowing, intelligent, and voluntary and accepted it. Defense counsel presented a passionate argument for imposition of a minimum sentence of sixteen years of imprisonment. *Id*. at 18–22. Ultimately, the trial court sentenced Appellant to twenty to forty years of imprisonment for third-degree murder.

Appellant clearly was informed multiple times that the trial court was not bound by the initially negotiated cap regarding his minimum sentence; indeed, Appellant so acknowledged on the record. N.T. (Continued Sentencing), 4/25/11, at 8. He is bound by the statements made under oath, and is not entitled to relief based on post-sentence contentions contradicting these statements. We have stated:

The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while

- 13 -

under oath. . . . A person who elects to plead guilty is bound by the statements he makes in open court while under oath[,] and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

*Commonwealth v. Pollard*, 832 A.2d 517, 524 (Pa. Super. 2003). Here, Appellant's statements under oath during his guilty plea colloquy are binding. Therefore, Appellant has failed to establish his claim of ineffectiveness has arguable merit. "Counsel cannot be deemed ineffective for failing to raise a meritless claim." *Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015).

Appellant next asserts that the PCRA court erred in denying Appellant's recusal request in his response to the PCRA court's Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition. The basis for Appellant's recusal request was the court's refusal to accept the sixteen-year cap of the minimum sentence. [Appellant's] Response to June 17, 2014 Notice of Intent to Dismiss PCRA Pursuant to Pa.R.Crim.P. 907, 8/6/14, at 17. We have already dismissed any impropriety concerning the sentencing issue.

Our Supreme Court has discussed the standards governing recusal, as follows:

> "A trial judge should recuse himself whenever he has any doubt as to his ability to preside impartially in a criminal case or whenever he believes his impartiality can be reasonably questioned." *Commonwealth v. Goodman*, 454 Pa. 358, 311 A.2d 652, 654 (1973). It is presumed that the judge has the ability to determine whether he will be able to rule impartially and without prejudice, and his assessment is personal, unreviewable, and final.

> *Commonwealth v. Druce*, 577 Pa. 581, 848 A.2d 104, 108 (2004). "Where a jurist rules that he or she can hear and dispose of a case fairly and without prejudice, that decision will not be overturned on appeal but for an abuse of discretion." *Commonwealth v. Abu–Jamal*, 553 Pa. 485, 720 A.2d 79, 89 (1998).
>
> *Commonwealth v. Blakeney*, 946 A.2d 645, 662 (Pa. 2008) (alteration in original). Additionally, "it is the burden of the party requesting recusal to produce evidence establishing bias, prejudice or unfairness which raises a substantial doubt as to the jurist's ability to preside impartially." *Commonwealth v. White*, 589 Pa. 642, 910 A.2d 648, 657 (2006) (quoting *Commonwealth v. Abu–Jamal*, 553 Pa. 485, 720 A.2d 79, 89 (1998)).

*Commonwealth v. Tedford*, 960 A.2d 1, 55–56 (Pa. 2008). Without doubt, our standard of review of a trial court's determination not to recuse is exceptionally deferential, because we recognize that our trial judges are "honorable, fair and competent." *Commonwealth v. Harris*, 979 A.2d 387, 391 (Pa. Super. 2009); *see also Commonwealth v. Postie*, 110 A.3d 1034, 1037 (Pa. Super. 2015) ("We recognize that our trial judges are 'honorable, fair and competent'"). Thus, "although we employ an abuse of discretion standard, we do so recognizing that the judge himself is best qualified to gauge his ability to preside impartially." *Harris*, 979 A.2d at 392; *Postie*, 110 A.3d at 1037. Moreover:

> The party who asserts that a trial judge should recuse bears the burden of setting forth specific evidence of bias, prejudice, or unfairness. "Furthermore, a decision by the trial court against whom the plea of prejudice is made will not be disturbed absent an abuse of discretion."

*Postie*, 110 A.3d at 1037 (quoting *Harris*, 979 A.2d at 392).

In response to this claim, the PCRA court stated as follows:

> I do not find recusal was necessary in this case, as I was capable of rendering a fair decision. The defendant bears the burden of showing bias, prejudice, or unfairness necessitating recusal. *Commonwealth v. Miller*, 951 A.2d 322 (Pa. 2008). [Appellant] appears to take issue with me rejecting his plea agreement, but does not offer any evidence establishing bias or prejudice on my part. My rejection of [Appellant's] plea did not affect my ability to be impartial regarding his subsequent plea, sentencing, or the PCRA matter. As such, recusal was not warranted.

PCRA Court Opinion, 12/24/14, at 3–4.

Appellant has not met the burden for demonstrating partiality, bias, or an abuse of discretion. As we stated in **Harris**, "An appellate brief must provide citations to the record and to any relevant supporting authority." **Id**., 979 A.2d at 393 (citing **Commonwealth v. Einhorn**, 911 A.2d 960, 970 (Pa. Super. 2006)). **See also Commonwealth v. Tielsch**, 934 A.2d 81, 93 (Pa. Super. 2007) (claim rejected where record lacked support); **Commonwealth v. Judd**, 897 A.2d 1224, 1233 (Pa. Super. 2006) (issue waived where brief lacked supporting citations). In short, Appellant fails to support his allegations of bias. Nothing Appellant has cited persuades us that the PCRA court's determination was an abuse of its discretion. The trial judge concluded that he could preside impartially. Our review of the record reveals only support for that conclusion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/6/2015</u>