Commonwealth *v.* Goodman et al., Appellants.

Argued November 17, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MAN-DERINO, JJ.

*Alan J. Davis* and *Stephen A. Teller,* with them *Wolf, Block, Schorr and Solis-Cohen,* for appellants.

*Paul R. Mahler,* Assistant District Attorney, with him *Daniel F. Daley,* First Assistant District Attorney, and *Patrick J. Toole, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE NIX, November 26, 1973:

Appellants, David Goodman and Lee Goodman were tried jointly and were found guilty of unlawful possession of a narcotic drug in violation of The Drug, Device and Cosmetic Act of September 26, 1961, P. L. 1664, §4(q), 35 P.S. §780-4(q). Following the denial of all post-trial motions filed, each appellant was sentenced to a term of not less than two years nor more than five years imprisonment. The Superior Court affirmed the judgments of sentence with two judges dissenting.

On January 8, 1969, at approximately 7:50 p.m., police officers armed with a search warrant and a body warrant for appellant Lee Goodman, entered Lee's apartment located at 39 West Market Street, Wilkes-Barre. Upon their entry, they observed both David and Lee Goodman disposing of a quantity of marijuana. Both were immediately seized and arrested.

We granted allocatur to consider appellants' exceptions to the lower court's denial of the motion to disqualify and the assignment of error relating to the sentencing. We will therefore confine our discussion to

these issues being satisfied that the other issues sought to be raised[1] at this time were properly resolved by the trial court and a majority of the Superior Court.[2]

The first objection relates to the failure of the trial court upon request to disqualify himself after presiding during a suppression hearing in which alleged prejudicial testimony was received. Recently this Court had occasion to observe: "The better practice in a multi-judge county would be to have the trial conducted by someone other than the judge who presided over the Suppression Proceedings particularly where there is a waiver of jury accepted." *Commonwealth v. Paquette,* 451 Pa. 250, 258, 301 A. 2d 837, 841 (1973).

At that time we refrained from making a mandatory requirement even in a multi-judge district because we recognized the significant administrative problems with which many of our trial courts are forced to contend. We were also aware that in many instances all parties are perfectly agreeable to the same judge presiding even where the trial is non-jury. But our decision not to formulate a prophylactic rule prohibiting a judge from presiding over both pretrial and trial proceedings should not have suggested that we failed to perceive the possible difficulties that could result from such a procedure or as a determination that a timely objection in an appropriate case could not provide a basis for a reversal of a judgment of sentence. While an

---

[1] Those issues being the adequacy of probable cause for the issuance of a search warrant and as to appellant David Goodman sufficiency of evidence to sustain a conviction of unlawful possession of a narcotic drug.

[2] The dissenters in the Superior Court did not express any disagreement with the resolution by the lower court of those questions that we are not here treating. Their disagreement centered around those questions that we will decide in this opinion. See *Commonwealth v. Goodman,* 221 Pa. Superior Ct., 73, 289 A. 2d 186 (1972) (dissent-opinion, SPAULDING, J.—HOFFMAN, J., joined).

awareness of the congestion of court calendars appropriately influenced our decision to refrain from prohibiting this practice these considerations are of no moment where a record demonstrates that the procedure in that case resulted in prejudice to the defendant and the objection was properly preserved for appellate review.

Justice further requires that we relieve the defendant of the responsibility of establishing that the information in fact influenced the court's decision. If it is established that the information received during the pre-trial proceeding would have been incompetent in the subsequent proceeding and that it was of a sufficiently inflammatory nature to arouse a prejudice against the defendant he need not demonstrate that the information actually influenced the court's actions. We are impressed with the wisdom of the ABA §1.7 Standards Relating to the Function of the Trial Judge which provides: "The trial judge should recuse himself whenever he has any doubt as to his ability to preside impartially in a criminal case *or whenever he believes his impartiality can be reasonably questioned.*" (Emphasis supplied). We have every confidence that the trial judges of this Commonwealth are sincere in their efforts to avoid consideration of incompetent inflammatory evidence in reaching their judgments but we also are acutely aware that the appearance of bias or prejudice can be as damaging to public confidence in the administration of justice as would be the actual presence of either of these elements.[3] We are equally anxious to avoid the curtailment of the defense in the presentation of testimony in support of pre-trial motions because

---

[3] See Canon 3C(1), Code of Judicial Conduct (Final Draft, May 1972); Orfield, "Recusation of Federal Judges," 17 Buffalo L. Rev. 799 (1968); Miller, "Public Confidence in the Judiciary: Some Notes and Reflections," 35 Law and Contemp. Prob. 69 (1970).

of the fear that information disclosed therein may adversely affect the outcome of subsequent proceedings. These considerations lead us to conclude that a judge should honor a request for recusation where prejudicial information is received in a pre-trial proceeding that would be otherwise inadmissible during the trial of the cause.

While we believe appellants' request was proper and should have been honored, in that the testimony adduced at the Suppression Hearing was highly inflammatory and not germane to their indictment,[4] the issue before us is, however, whether there was a waiver of this assignment of error. Appellants failed to raise this alleged assignment in either their Motion for New Trial and Arrest of Judgment or their Additional Reasons for New Trial, submitted after the filing of the notes of testimony by leave of the court. Under these circumstances, they are now precluded from raising this question on appeal. *Commonwealth v. Myers,* 439 Pa. 381, 384-85, 266 A. 2d 756 (1970) ; see also *Commonwealth v. Jennings,* 446 Pa. 294, 309, 285 A. 2d 143 (1971) ; *Commonwealth v. Bittner,* 441 Pa. 216, 221, 272 A. 2d 484 (1971) ; *Commonwealth v. Scoleri,* 432 Pa. 571, 578-79, 248 A. 2d 295 (1960).

Finally, appellants contend that their sentence was grossly excessive and should be vacated or modified for the reason that both the trial judge and defense counsel erroneously interpreted the sentencing provision of the controlling statute then in effect, The Drug, Device and Cosmetic Act of 1961, 35 P.S. §780-20(c) and (e). However, we need not discuss this contention in light of the repeal of the Act of 1961 and the passage during the pendency of this appeal of The Controlled Substance, Drug, Device and Cosmetic Act of

---

[4] An impression was left from hearsay testimony as to probable cause that the appellants were trafficking in narcotics.

April 14, 1972, P. L. 233, No. 64, §§1-44, 35 P.S. §780-101 to 144, effective June 14, 1972 (Supp. 1973).

The pertinent section of the new Act which concerns us is "Pending Proceedings", 35 P.S. §780-139(a) which reads as follows: "Prosecution for any violation of law occurring prior to the effective date of this act is not effected or abated by this act. *In any case not yet final, if the offense is similar to ones set out in this act, the penalties under this act apply if they are less than those under prior law."* (Emphasis added.) In light of this section the issue to be resolved is whether or not The Controlled Substance Act was intended to affect the appellants' sentences. We devised in *Commonwealth v. Thomas*, 450 Pa. 548, 301 A. 2d 359 (1973), a formula by which we would determine whether the new Act would affect a defendant's sentence: "Three elements must be present before a pending prosecution can be governed by the new Controlled Substance Act: (1) the original offense charged must be similar to one set out in the new Act; (2) the penalties provided in the new Act must be less than those established by the prior law; and (3) the case must not be finally litigated." Id. at 555, 301 A. 2d at 364.

In the case at bar we find all three criteria are present. Initially, we note that marijuana is a "controlled substance," regulated by the Act of 1972, 35 P.S. §780-104(1)(iv). Specifically, appellants were convicted under §780-4(q) of The Drug, Device and Cosmetic Act, which prohibits the possession of any dangerous or narcotic drug and sentenced under §780-20(c) which prescribes the penalty therefore. The offense delineated in §780-113(a)(16) of The Controlled Substance Act is "knowingly or intentionally possessing a controlled . . . substance. . . ." Marijuana being a "controlled substance" the offense is similar and corresponding. Hence, there is an offense cognizable under the new Act which is similar to the offense under the prior Act.

The second element requires that the penalties in the new Act be less than those established by the prior Act. The Controlled Substance Act provides in §780-113(b) that a person convicted for the first time under the Act for knowingly and/or intentionally possessing marijuana shall be sentenced to imprisonment not exceeding one year or to pay a fine not exceeding $5,000 or both. The actual sentence given appellants under The Drug, Device and Cosmetic Act of 1961 was from two to five years imprisonment. The second requirement is therefore fulfilled. Finally, we must make a determination as to whether or not the appellants' case was final within the meaning of 35 P.S. §780-139(a) of The Controlled Substance Act. This Court in *Commonwealth v Little,* 432 Pa. 256, 248 A. 2d 32 (1968) adopted the rule on finality enunciated in *Linkletter v. Walker,* 381 U.S. 618, 622 n.5 (1965), that a judgment is not final until the availability of appeal has been exhausted and the time for petition for certiorari has elapsed. We most recently reaffirmed this proposition in *Commonwealth v. Thomas, supra* at 556, 301 A. 2d at 364 (1973). Since the case at bar is before us on direct appeal, we conclude the judgment in this case is not yet final. Therefore, the appellants in this case are entitled to be resentenced in accord with the provisions of The Controlled Substance, Drug, Device and Cosmetic Act of 1972.

Sentence vacated and matter remanded for resentencing pursuant to the Act of 1972.

Mr. Justice EAGEN and Mr. Justice POMEROY concur in the result.