Commonwealth v. D'Sant

C.P. Chester County, no. 635-92.

*Stephen Kelly,* for Commonwealth.
*Laurence Harmelin,* for defendant.

WOOD, *J.,* March 15, 1995—On September 10, 1992, following a bench trial, I found the defendant, Anthony D'Sant guilty of criminal trespass, kidnapping, unlawful restraint, false imprisonment, reckless endangerment, possession of instruments of a crime, theft, simple assault, aggravated assault and attempted homicide. This matter is before me on the defendant's post-verdict motions in arrest of judgement and for a new trial. The defendant challenges my refusal to recuse myself, the sufficiency of the evidence, and trial counsel's effectiveness.

## MOTION FOR RECUSAL

After the close of the Commonwealth's case, defense counsel advised the court that she needed to withdraw from representing the defendant for ethical reasons. I explained that I would not permit defense counsel to withdraw if the same ethical problem she faced would arise in the course of another attorney's representation of the defendant. Discussion ensued in chambers and I determined not to allow defense counsel to withdraw.

We then returned to court. The defendant then asked that his case be heard by another judge, claiming that he could not get a fair trial because trial counsel told me that he was thinking about lying on the stand. Trial counsel had said no such thing. I told defendant that

although I was aware that confiding in one's attorney that one intends to commit perjury can lead to a request by that attorney to withdraw, his attorney did not discuss the basis for withdrawal with me.

Defendant moved for my recusal at this point. Since I felt that I could evaluate fairly any testimony defendant might offer, I denied the defendant's motion for recusal. The defendant chose not to testify.

In considering a motion for recusal, a trial judge must determine whether "he can hear and dispose of the case fairly and without prejudice. ..." *Reilly by Reilly v. SEPTA,* 507 Pa. 204, 220-21, 489 A.2d 1291, 1299 (1985). This decision is final unless the judge commits an abuse of discretion. *Id.* "The party who asserts that a trial judge must be disqualified bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal." *Commonwealth v. Darush,* 501 Pa. 15, 21, 459 A.2d 727, 731 (1983).

Counsel have raised the issue of whether judges should apply an objective or subjective standard in deciding motions for recusal. In *Commonwealth v. Goodman,* 454 Pa. 358, 311 A.2d 652 (1973), our Supreme Court explained that a "trial judge should recuse himself whenever he has any doubt as to his ability to preside impartially in a criminal case or whenever he believes his impartiality can be reasonably questioned." *Goodman, supra* at 361, 311 A.2d at 654. In *Reilly,* the court reiterated that judges themselves are to decide the question of recusal in the first instance and give due consideration "to the fact that the administration of justice should be beyond the appearance of unfairness." *Reilly, supra* at 220-21, 489 A.2d at 1299. Therefore, judges must first decide subjectively whether their impartiality has been compromised and second, using an objective standard, decide whether others would have

reason to question their fairness, regardless of whether their ability to be fair has in fact been compromised.

In this case, the defendant moved for my recusal because he *thought* his attorney told me that he was thinking about committing perjury. However, his attorney did not mention perjury when she asked for permission to withdraw. (Trial counsel confirmed this during the hearing on post-verdict motions. (N.T. 8/22/94, p. 25.)) Any mention of perjury came from defendant's mouth. I denied the motion because I was prepared to hear the defendant's testimony without any preconceived notions. I determined that I was able to judge the testimony without bias toward defendant. I do not automatically believe or disbelieve any witness's testimony. I am aware that defendants in particular are under considerable stress in a trial situation, and that although they may at times make ill-advised statements, they are not necessarily lying. I also determined that this same situation could come up again no matter *who* was hearing the case. The problem was implicit in the fact that this was a bench trial.

Defendant suggests that I analogize this situation to cases where a judge denies a suppression motion, the defendant then requests a bench trial, and the judge transfers the case to another judge. However, these situations are not analogous. In *Goodman,* the court ruled that "a judge should honor a request for recusation where prejudicial information is received in a pretrial proceeding that would be otherwise inadmissible during the trial of the cause." *Goodman, supra* at 362, 311 A.2d at 654. Here, the defendant moved for recusal after the close of the Commonwealth's case, rather than at a pretrial proceeding. The policy considerations underlying the standard for a motion for recusal protect both the parties before the court and the integrity of

the judicial system. *Reilly, supra* at 220-21, 489 A.2d at 1299. "[C]auses may not be unfairly prejudiced, unduly delayed, or discontent created through unfounded charges of prejudice or unfairness. ..." *Id.*

In this case, granting the motion for recusal after the close of the Commonwealth's case would have permitted the defendant to control and delay the proceedings. It is a tactic he could have called upon at future trials any time he felt the evidence was going against him. I find that the defendant has not met his burden of "establishing bias, prejudice, or unfairness necessitating recusal." *Commonwealth v. Darush, supra* at 21, 459 A.2d at 731.

## SUFFICIENCY OF THE EVIDENCE

Defendant also argues that the evidence was insufficient to establish unlawful restraint because the Commonwealth failed to present evidence that defendant held Charlotte Moskosky "in a condition of involuntary servitude." Under 18 Pa.C.S. §2902, one is guilty of unlawful restraint when he: "(1) restrains another unlawfully in circumstances exposing him to serious bodily injury; or (2) holds another in the condition of involuntary servitude." *Id.*

Unlawful restraint is "intended to cover restraints which do not reach the magnitude of kidnapping but are somewhat more serious than mere false imprisonment." *Commonwealth v. Wells,* 313 Pa. Super. 557, 561 n.4, 460 A.2d 328, 330 n.4 (1983). Kidnapping requires that a person remove another a "substantial distance from the place where he is found" or "confine another for a substantial period in a place of isolation." 18 Pa.C.S. §2901. False imprisonment requires that one knowingly restrain another "so as to interfere substantially with his liberty." 18 Pa.C.S. §2903. Proof of "the

extraction of forced labor" is not required to establish that one is holding another in a condition of involuntary servitude. *Commonwealth v. Dehoniesto,* 425 Pa. Super. 83, 624 A.2d 156 (1993).

In this case the defendant forced the victim from her home at knifepoint and demanded that she accompany him. This evidence established more than a "substantial interference with liberty;" it established a violent interference with liberty. However, the evidence did not establish the time or distance elements required to prove kidnapping. Therefore, I properly found that the evidence was sufficient to establish the elements of unlawful restraint.

## INEFFECTIVE ASSISTANCE OF COUNSEL

To prove ineffectiveness of counsel, the defendant must show that his attorney had available a course of action of arguable merit, that she had no reasonable basis for not taking that course of action, and that her failure to act was prejudicial to defendant. *Commonwealth v. Clark,* 533 Pa. 579, 582, 626 A.2d 154, 155 (1993) (citing *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987)).

Defendant argues that trial counsel was ineffective for failing to subpoena witnesses to testify on his behalf. Specifically, the defendant wanted to establish that Charlotte Moskosky had a drinking problem, through the testimony of her landlord, Joe Mattia. With evidence of her drinking problem, the defendant suggests that he could have challenged the accuracy of her testimony by arguing that her ability to perceive and remember the event was impaired. The defendant also wanted to use Mattia's testimony to show that the defendant paid rent at the scene of the assault and lived there for some period of time.

At the evidentiary hearing on post-verdict motions, trial counsel testified that she interviewed Mr. Mattia and determined that his testimony would not be helpful. (N.T. 10/27/93, p. 52.) The only way Mr. Mattia's testimony would have been helpful to the defendant is if he observed Ms. Moskosky around the time of the incident and concluded she had been drinking. He did neither. Testimony about Ms. Moskosky's history of substance abuse does not prove that she was under the influence of drugs or alcohol at the time of the assault. The fact that the defendant lived or paid rent on Ms. Moskosky's apartment is not probative of any issue in this case. Failure to call a specific witness does not constitute ineffectiveness unless there is some showing that the witness would have been helpful in establishing a defense. *Commonwealth v. Durst,* 522 Pa. 2, 559 A.2d 504 (1989). Therefore I find that the defendant's claims of ineffectiveness are without arguable merit.

Defendant makes one final argument regarding ineffectiveness of counsel in a supplemental brief filed pro se. However, in *Commonwealth v. Ellis,* 534 Pa. 176, 626 A.2d 1137 (1993), the Pennsylvania Supreme Court examined the Superior Court's policy of refusing to review pro se briefs when counseled brief had been filed. In affirming the Superior Court's decision, the court emphasized the importance of expert, focused advocacy and explained that

"A represented [defendant] may petition to terminate his representation; he may, acting pursuant to the rules of criminal procedure, proceed on his own behalf. Conversely, he may elect to allow counsel to take his appeal, but, should counsel not prevail, assert counsel's ineffectiveness at a later time and, thus indirectly, assert the claims he would have made on direct appeal. The

only thing he may not do is confuse and overburden the court by his own pro se filings of briefs at the same time his counsel is filing briefs on his behalf." *Ellis, supra* at 183-84, 626 A.2d at 1141.

In light of this decision, I consider it inappropriate to review the pro se brief filed by the defendant.

## ORDER

And now, March 15, 1995, defendant's post-verdict motions are hereby denied. The court administrator is ordered to schedule this matter for sentencing on the first available date.