J-S86025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER THOMAS | |
| Appellant | No. 561 WDA 2016 |

Appeal from the PCRA Order March 24, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0001010-2011
CP-02-CR-0009188-2011

BEFORE:  GANTMAN, P.J., MOULTON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MOULTON, J.:                **FILED FEBRUARY 15, 2017**

Christopher Thomas appeals from the March 24, 2016 order of the Allegheny County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm that portion of the PCRA court's order denying relief without a hearing on Thomas's ineffective assistance of counsel claim regarding his trial counsel's closing argument.  However, because the PCRA court did not address the merits of Thomas's ineffective assistance of counsel claim with respect to recusal, we remand this matter to the PCRA court for the preparation of a supplemental opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).

_____

[*] Former Justice specially assigned to the Superior Court.

We previously set forth a procedural history of Thomas's trial, sentencing, and direct appeal:

> Following a non-jury trial, Thomas was convicted of eight counts of Burglary, 18 Pa.C.S.A. § 3502, on September 13, 2012. On the same day, the court imposed a one to two year jail sentence at each count to run consecutive to each other. In the aggregate, Thomas was sentenced to no less than eight years but no more than 16 years' incarceration followed by a 20-year term of probation. Thomas filed timely post-sentence motions, challenging the trial and sentencing proceedings. The court denied each of Thomas's post-sentence challenges but for granting the motion as to a possible recidivism risk reduction incentive ("RRRI") sentence pursuant to the RRRI statute[, 61 Pa.C.S. §§ 4501-4512,] to the extent that a new sentencing hearing was scheduled solely to determine if Thomas was RRRI eligible. On June 13, 2013, the court determined that Thomas was not RRRI eligible. Thomas filed [his direct] appeal on July 9, 2013.

***Commonwealth v. Thomas***, No. 1238 WDA 2013, unpublished memorandum at *1-2 (Pa.Super. filed May 30, 2014) ("Mem."). On May 30, 2014, this Court affirmed Thomas's judgment of sentence. On June 30, 2014, Thomas filed a petition for allowance of appeal with the Supreme Court of Pennsylvania. The Supreme Court denied the petition on December 10, 2014.

On July 9, 2014, Thomas filed a PCRA petition, claiming ineffective assistance of counsel and challenging the sufficiency of the evidence. Thomas also requested that he be appointed counsel for his PCRA claims. On July 31, 2014, the PCRA court appointed counsel for Thomas. On

October 7, 2015,[1] the PCRA court held a status conference and, on October 8, 2015, the PCRA court ordered Thomas's counsel to file an amended PCRA petition no later than December 1, 2015. On December 1, 2015, Thomas filed an amended PCRA petition, asserting two claims. Am. PCRA Pet., 12/1/15, at 2, 6. The Commonwealth filed an answer to the amended petition on January 28, 2016. On February 16, 2016,[2] the PCRA court issued an order giving Thomas notice of its intent to dismiss the amended petition without a hearing and gave Thomas 30 days to respond to the proposed dismissal.[3] On March 24, 2016, the PCRA court dismissed Thomas's amended petition, noting that Thomas did not respond to the court's notice. On April 20, 2016, Thomas filed his notice of appeal.

Thomas raises two issues on appeal:

1. DID THE LOWER COURT ABUSE ITS DISCRETION IN DISMISSING THE PCRA PETITION WITHOUT A HEARING WHERE THE PETITIONER ESTABLISHED THE MERITS OF THE CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST THAT THE COURT RECUSE ITSELF

_____

[1] In its opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), the trial court noted that Thomas filed his PCRA petition before the completion of his direct appeal and, as a result, it "waited before taking action." Opinion, 6/20/16, at 2 ("1925(a) Op.").

[2] This order has a typewritten date of February 16, 2015, but the Clerk of Courts filing stamp shows that the order was filed on February 16, 2016.

[3] In its order, the PCRA court stated that it was giving notice pursuant to Pennsylvania Rule of Criminal Procedure 720(1). However, Pennsylvania Rule of Criminal Procedure 907 governs dismissal of a PCRA petition without hearing.

> ON THE GROUNDS THAT MR. THOMAS ELECTED TO
> PROCEED NONJURY, AND THE COURT HAD KNOWLEDGE
> OF HIS PRIOR CONVICTIONS, SUCH THAT THE COURT'S
> IMPARTIALITY COULD BE REASONABLY QUESTIONED?
>
> 2. DID THE LOWER COURT ABUSE ITS DISCRETION IN
>    DISMISSING THE PCRA PETITION WITHOUT A HEARING
>    WHERE THE PETITIONER ESTABLISHED THE MERITS OF
>    THE CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE FOR
>    SUGGESTING TO THE COURT THAT MR. THOMAS WAS
>    INVOLVED IN A CONSPIRACY TO COMMIT THE
>    BURGLARIES IN HER CLOSING ARGUMENT THEREBY
>    DENYING MR. THOMAS A FAIR TRIAL?

Thomas's Br. at 4.

"Our standard of review from the grant or denial of post-conviction relief is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011).

Thomas alleges that the PCRA court inappropriately dismissed his two ineffective assistance of counsel claims without a hearing. PCRA petitioners are "not automatically entitled to an evidentiary hearing." **Commonwealth v. Miller**, 102 A.2d 988, 992 (Pa.Super. 2014). This Court has stated:

> [T]he right to an evidentiary hearing on a post-conviction
> petition is not absolute. It is within the PCRA court's
> discretion to decline to hold a hearing if the petitioner's
> claim is patently frivolous and has no support either in the
> record or other evidence. It is the responsibility of the
> reviewing court on appeal to examine each issue raised in
> the PCRA petition in light of the record certified before it in
> order to determine if the PCRA court erred in its
> determination that there were no genuine issues of
> material fact in controversy and in denying relief without
> conducting an evidentiary hearing. [A]n evidentiary
> hearing is not meant to function as a fishing expedition for

> any possible evidence that may support some speculative
> claim of ineffectiveness.

*Id.* (internal quotations and citations omitted). We review a PCRA court's dismissal of a petition without a hearing for an abuse of discretion. ***Commonwealth v. Roney***, 79 A.3d 595, 604 (Pa. 2013).

We will first address Thomas's second issue, in which he claims that his trial counsel was ineffective for making inappropriate comments in her closing statement. Thomas's Br. at 17. "[T]o be entitled to relief on a claim of ineffective assistance of counsel, the PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying claim has arguable merit; (2) counsel whose effectiveness is at issue did not have a reasonable basis for his action or inaction; and (3) the PCRA petitioner suffered prejudice as a result of counsel's action or inaction." ***Commonwealth v. Steele***, 961 A.2d 786, 796 (Pa. 2008). "In Pennsylvania, counsel is presumed effective, and a defendant bears the burden of proving otherwise." *Id.* "Where it is clear that a petitioner has failed to meet any of the three, distinct prongs of the ***Pierce***[4] test, the claim may be disposed of on that basis alone, without a determination of whether the other two prongs have been met." *Id.*

In his brief, Thomas cites a portion of his trial counsel's closing statement:

---

[4] ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987).

Ms. Weyandt: … In many of these cases there is [sic] no eyewitnesses, and nothing to disprove the theory that more than one person is possibly going out and committing these crimes, whether it be in concert or on an individualized basis. What we do know is the person actually running the store is never questioned, does not provide an alibi.

What I would suggest is, when the defendant was caught with the merchandise, he protected the person who he knew actually committed the burglary.

\*      \*      \*      \*      \*      \*

It is December 21st. I'll argue that the majority of us would have some sort of cold weather gear on us at any time in the month of December in Pittsburgh. My argument with regard to that is, I would suggest, he obtained those items from the person who committed the burglary. And there is evidence to suggest that he may even know who that person is . . .

Thomas's Br. at 16-17 (citing N.T., 9/10/12-9/13/12, at 201-02 ("N.T. Trial")). Based on these portions of the transcript, Thomas argues that his trial counsel "essentially conceded that Mr. Thomas was complicit and/or acted as an accomplice in the burglaries" and, as such, "the Commonwealth was relieved of the burden of proving Mr. Thomas' guilt beyond a reasonable doubt, thereby denying Mr. Thomas a fair trial." *Id.* at 17. Thomas asserts that because "[c]ounsel could not have had a basis designed to effectuate Mr. Thomas' best interests in presenting an argument that the Court should find Mr. Thomas culpable for his role in the burglaries[,] . . . [and] 'it is inconceivable to suggest that [his counsel's] statement had no effect on the [factfinder],'" his trial counsel was ineffective. *Id.* at 17-18 (quoting *Commonwealth v. Cooper*, 941 A.2d 655, 666 (Pa. 2007)). We disagree.

As the Commonwealth notes, Thomas's citations to the record take his trial counsel's comments out of context. Cmwlth.'s Br. at 25-30 (quoting N.T. Trial at 193-202). Upon careful review of trial counsel's closing arguments, it is clear that, as the Commonwealth suggests, trial counsel attempted to distance Thomas from the burglaries by raising doubts in the Commonwealth's case. Indeed, the comments quoted above came only after the trial court denied counsel's motion for judgment of acquittal and made clear it believed the Commonwealth had presented sufficient evidence to convict Thomas of the crimes in question. *See* Mem. at *15-18. As a result, trial counsel made an effort to distance Thomas from the burglaries by suggesting alternate inferences from the evidence presented, including an argument that another individual, the owner of the store in which Thomas worked, could have committed these crimes. N.T. Trial at 200-02. Not only does his claim lack merit, but Thomas also fails to show "that, absent counsel's conduct, there is a reasonable probability that the result would have been different," **Commonwealth v. Miner**, 44 A.3d 684, 687 (Pa.Super. 2012), as the trial court "based its guilt determination on the evidence presented [and] . . . . was not influenced by counsel's argument." 1925(a) Op. at 2. Because there are no genuine issues of material fact, the trial court did not abuse its discretion by dismissing this claim without a hearing.

In his other issue, Thomas argues that he is entitled to relief or, at a minimum, a hearing because his trial counsel was ineffective for failing to

request that the trial judge recuse himself from the non-jury trial because the trial judge ruled on and granted a motion *in limine* to exclude prior burglary convictions under Pennsylvania Rule of Evidence 609(b).[5] *Id.* at 13-14. Thomas asserts that, once he chose a non-jury trial, "counsel knew or should have known that the judge, who was sitting as the factfinder in Mr. Thomas' bench trial, was aware of Mr. Thomas' prior [b]urglary convictions [and] a request that the court recuse itself would have been meritorious." *Id.* at 14. According to Thomas, his claim has arguable merit because the trial judge knew that Thomas had two prior convictions and Thomas was asserting a defense of innocence. Thomas argues that "[t]his information was highly prejudicial since it could cause the factfinder to presume [his] guilt – essentially shifting the burden of proof." *Id.* at 12. Thomas also asserts that he need not "demonstrate that the information actually

---

[5] Rule 609(b) limits the ability to impeach witnesses with prior convictions that involved "dishonesty or false statement":

> **(b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>
> (1) its probative value substantially outweighs its prejudicial effect; and
>
> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Pa.R.Evid. 609(b).

influenced [the trial judge's] actions where 'it is established that the information received during the pretrial proceeding would have been incompetent in the subsequent proceeding and that it was of a sufficiently inflammatory nature to arouse a prejudice against the defendant." ***Id.*** (quoting ***Commonwealth v. Goodman***, 311 A.2d 652, 654 (Pa. 1973)). In addition, Thomas argues that trial counsel had no reasonable basis for failing to request recusal because had trial counsel "done so, the lower court properly would have and should have transferred the case to a different judge." ***Id.*** at 14. Thomas also argues that he was prejudiced by trial counsel's failure, because "[i]f another judge, who was not aware of Mr. Thomas' prior convictions, had presided over the proceedings, that judge may have found [him] not guilty of some or all of the charges." ***Id.***

In both its order giving notice of intent to dismiss and its Rule 1925(a) opinion, the PCRA court did not address the merits of this claim. Rather, it found that Thomas had previously litigated this claim because on direct appeal, this Court found a recusal claim waived, and, in the alternate, found that it lacked merit.[6] ***See*** Order, 2/16/16, at 1; 1925(a) Op. at 2. On direct

_____

[6] Under the PCRA, a petitioner is not entitled to relief under a specific allegation of error if "[t]hat . . . allegation of error has . . . been previously litigated." 42 Pa.C.S. § 9543(a)(3). "[A]n issue has been previously litigated if . . . the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S. § 9544(a)(2). The term "issue," as used in the PCRA, "refers to the discrete legal ground raised and decided on direct review." ***Commonwealth v. Collins***, 888 A.2d 564, 570 (Pa. 2005). In ***Collins***, our

*(Footnote Continued Next Page)*

appeal, this Court did not address whether the trial judge should have recused himself based on the motion *in limine*. Rather, Thomas's claim on direct appeal was that the trial judge should have recused himself based on comments the trial judge made during sentencing. ***See*** Mem. at *12-14. Accordingly, we have neither a direct appeal opinion addressing the underlying claim nor a 1925(a) opinion addressing the ineffective assistance of counsel claim for failure to file a recusal motion based on the motion *in limine* ruling. A recusal motion requires the judge to "make a conscientious determination of his or her ability to assess the case in an impartial manner," and, if the judge believes he or she can be impartial, "whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary." ***See Arnold v. Arnold***, 847 A.2d, 674, 680 (Pa.Super. 2004) (quotation omitted). Because the trial judge's reasons as to why he would or would not have granted a recusal motion had one been made are not of record, we remand this matter and direct the PCRA court to file a Rule 1925(a) opinion containing a discussion of the arguable merit and prejudice

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯

Supreme Court held that claims of ineffectiveness whose underlying merits were decided on direct appeal are not "previously litigated" for the purposes of the PCRA and should be reviewed on their merits. ***Id.*** at 573. Therefore, the PCRA court erred in finding that Thomas had previously litigated his ineffective assistance of counsel claim regarding the recusal. ***See id.***

prongs of Thomas's recusal ineffectiveness claim no later than thirty days from the date of this Memorandum.

Order affirmed as to Thomas's ineffectiveness claim regarding trial counsel's closing arguments. Case remanded with instructions as to Thomas's ineffectiveness claim regarding recusal. Panel jurisdiction retained.