J-S86025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER THOMAS | |
| Appellant | No. 561 WDA 2016 |

Appeal from the PCRA Order March 24, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0001010-2011
CP-02-CR-0009188-2011

BEFORE:  GANTMAN, P.J., MOULTON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MOULTON, J.:                    **FILED MAY 1, 2017**

Christopher Thomas appeals from the March 24, 2016 order of the Allegheny County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  In our prior memorandum, we affirmed the PCRA court's[1] denial of Thomas's ineffective assistance of counsel claim with respect to trial counsel's closing argument[2] and remanded this matter for a supplemental

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Because the PCRA court also presided over Thomas's trial, we use the terms "PCRA court" and "trial judge" interchangeably in this memorandum.

[2] *See Commonwealth v. Thomas*, 561 WDA 2016, unpublished memorandum at 5-7 (Pa.Super. filed Feb. 15, 2017).

Pennsylvania Rule of Appellate Procedure 1925(a) opinion regarding counsel's alleged ineffectiveness in failing to request the trial judge's recusal. We now affirm the PCRA court's denial of Thomas's ineffectiveness claim with respect to recusal.

In our prior memorandum, we set forth a detailed factual and procedural history of this case, which we adopt herein. **See Commonwealth v. Thomas**, 561 WDA 2016, unpublished mem. at 1-3 (Pa.Super. filed Feb. 15, 2017).

We asked the PCRA court on remand to address "the arguable merit and prejudice prongs[3] of Thomas's recusal ineffectiveness claim[,] . . . [b]ecause the trial judge's reasons as to why he would or would not have granted a recusal motion had one been made are not of record." **Id.** at 10-11. The PCRA court filed its supplemental Rule 1925(a) opinion on March 21, 2017.

In our prior memorandum, we set forth Thomas's argument on his recusal ineffectiveness claim as follows:

> . . . Thomas argues that he is entitled to relief or, at a
> minimum, a hearing because his trial counsel was

---

[3] "To prevail on . . . [ineffective assistance of counsel] claims, [the PCRA petitioner] must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) [the PCRA petitioner] suffered prejudice because of counsel's action or inaction." **Commonwealth v. Spotz**, 18 A.3d 244, 260 (Pa. 2011).

ineffective for failing to request that the trial judge recuse himself from the non-jury trial because the trial judge ruled on and granted a motion *in limine* to exclude prior burglary convictions under Pennsylvania Rule of Evidence 609(b).[5]  Thomas asserts that, once he chose a non-jury trial, "counsel knew or should have known that the judge, who was sitting as the factfinder in Mr. Thomas' bench trial, was aware of Mr. Thomas' prior [b]urglary convictions [and] a request that the court recuse itself would have been meritorious."  According to Thomas, his claim has arguable merit because the trial judge knew that Thomas had two prior convictions and Thomas was asserting a defense of innocence.  Thomas argues that "[t]his information was highly prejudicial since it could cause the factfinder to presume [his] guilt – essentially shifting the burden of proof."  Thomas also asserts that he need not "demonstrate that the information actually influenced [the trial judge's] actions where 'it is established that the information received during the pretrial proceeding would have been incompetent in the subsequent proceeding and that it was of a sufficiently inflammatory nature to arouse a prejudice against the defendant.'"  In addition, Thomas argues that trial counsel had no reasonable basis for failing to request recusal because had trial counsel "done so, the lower court properly would have and should have transferred the case to a different judge."  Thomas also argues that he was prejudiced by trial counsel's failure, because "[i]f another judge, who was not aware of Mr. Thomas' prior convictions, had presided over the proceedings, that judge may have found [him] not guilty of some or all of the charges."

[5] Rule 609(b) limits the ability to impeach witnesses with prior convictions that involved "dishonesty or false statement":

**(b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:

(1) its probative value substantially outweighs its prejudicial effect; and

> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.
>
> Pa.R.Evid. 609(b).

**Thomas**, unpublished mem. at 8-9 (internal citations omitted)

A recusal motion requires the judge to "make a conscientious determination of his or her ability to assess the case in an impartial manner," and, if the judge believes he or she can be impartial, "whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary." **Arnold v. Arnold**, 847 A.2d, 674, 680 (Pa.Super. 2004) (quotation omitted). However, with respect to pre-trial proceedings, "[i]f it is established that the information received during the pre-trial proceeding would have been incompetent in the subsequent proceeding and . . . it was of a sufficiently inflammatory nature to arouse a prejudice against the defendant[,] he need not demonstrate that the information actually influenced the court's actions." **Commonwealth v. Simmons**, 483 A.2d 953, 956-57 (Pa.Super. 1984) (quoting **Commonwealth v. Goodman**, 311 A.2d 652, 654 (Pa. 1973)).

In its supplemental 1925(a) opinion, the PCRA court concluded that Thomas's claim lacks merit and, even if it were meritorious, Thomas suffered no prejudice. The PCRA court explained that it "granted Thomas's motion to exclude certain material from his trial" and, as a result, "any unfairness, bias

or prejudice that Thomas feels was being harbored by this [c]ourt is non-existent." PCRA Ct. Op., 3/21/17, at 2. According to the PCRA court, this case is a "perfect example of th[e] principle [that] . . . . [t]rial judges are presumed to disregard material to which it has sustained an objection or excluded from one side's evidentiary material." **Id.** With respect to prejudice, the PCRA court concluded that Thomas suffered no prejudice "because of the evidence produced at trial." **Id.** The PCRA court asserts that "had the same collection of evidence been put forth before a different jurist, the verdict would have been the same." **Id.** at 2-3.

We conclude that the PCRA court did not err in dismissing Thomas's recusal ineffectiveness claim. It is clear from the 1925(a) opinion that the PCRA court, sitting at trial, would not have granted a recusal motion had one been made, as the judge believed he did not harbor any "unfairness, bias, or prejudice" towards Thomas. Further, the information received by the judge, specifically two burglary convictions more than ten years before the instant burglary charges, is not of such an inflammatory nature as to remove Thomas's burden of establishing bias, prejudice, or unfairness necessitating recusal. **Cf. Simmons**, 483 A.2d at 956 (holding that trial judge should have recused himself after hearing withdrawn guilty plea); **Goodman**, 311 A.2d at 654 n.4 (holding that trial judge should have recused himself after Commonwealth elicited hearsay testimony at a suppression hearing that defendants were trafficking narcotics in drug possession case). Under these circumstances, the presumption holds that "the trial court, sitting as the trier

- 5 -

of fact, . . . disregard[s] inadmissible evidence," **Commonwealth v. Konias**, 136 A.3d 1014, 1022 (Pa.Super.), *app. denied*, 145 A.3d 724 (Pa. 2016), and Thomas failed to rebut this presumption.

Because Thomas's claim is meritless, trial counsel was not ineffective for failing to raise it. **Commonwealth v. Fears**, 86 A.3d 795, 810 (Pa. 2014). Further, because an ineffectiveness claim may be dismissed where "the petitioner's evidence fails to meet any of these prongs," we dispose of Thomas's claim on that basis alone. **Commonwealth v. Williams**, 980 A.2d 510, 520 (Pa. 2009).

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/1/2017