**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL THOMAS SCHWARTZ | : | |
| | : | |
| Appellant | : | No. 3575 EDA 2017 |

Appeal from the Judgment of Sentence October 5, 2017
In the Court of Common Pleas of Wayne County Criminal Division at
No(s):  CP-64-CR-0000336-2016

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 22, 2019**

Michael Thomas Schwartz appeals from the judgment of sentence of 149 to 540 months of imprisonment following his convictions for various sex crimes.  The trial court found Appellant to be a sexually violent predator ("SVP") at the sentencing hearing.  Also before us is Appellant's application to proceed *pro se*.  Upon review, we deny Appellant's motion, vacate Appellant's SVP designation, and affirm his judgment of sentence in all other respects.

Appellant, along with his co-defendant wife, were accused of crimes in connection with the sexual abuse of Appellant's minor nephews.  The Commonwealth gave notice of its intent to offer at trial evidence of the nephews' out-of-court statements concerning the abuse ("Tender Years testimony") pursuant to 42 Pa.C.S. § 5985.1(b).  In pretrial motions, Appellant sought to exclude the statements, as well as seeking a change of

venue. The trial court denied the change of venue, and, following a hearing, denied the motion to exclude the Tender Years testimony.

Appellant proceeded to a non-jury trial in front of the same judge who ruled on the pretrial motions. At the close of the Commonwealth's case, the trial court dismissed some of the charges. After Appellant presented defense witnesses, the trial court convicted Appellant of all remaining charges, including, *inter alia*, involuntary deviant sexual intercourse, attempted rape of a child, and indecent exposure. On October 5, 2017, the trial court found Appellant to be an SVP, and sentenced him as indicated above.

Appellant filed no post-sentence motion, but filed a timely counseled notice of appeal. This Court dismissed the appeal for failure to file a brief, but reinstated it upon Appellant's motion.[1] Before Appellant's brief was filed, he submitted a *pro se* motion to have new counsel appointed. However, he subsequently tendered another *pro se* document indicating that he wished for counsel to file a brief, which counsel did, following the grant of three extensions. After the Commonwealth filed its brief, Appellant submitted another *pro se* letter taking issue with counsel's brief. This Court forwarded the letter to counsel pursuant to **Commonwealth v. Jette**, 23 A.3d 1032 (Pa. 2011). On December 14, 2018, Appellant filed a *pro se* motion wherein he

---

[1] The appeal of Appellant's co-defendant wife, docketed at 3494 EDA 2017, was also dismissed and reinstated, but dismissed again when no brief was filed.

asked both to proceed *pro se* and for appointment of new appellate counsel. Also included was a request to refile his brief based upon allegations of ineffective assistance of appellate counsel.

The brief filed by counsel includes the following questions for this Court's consideration.

> 1. Whether the Appellant's due process rights were violated when the trial judge who heard the pretrial motions and Tender Year's [*sic*] hearing testimony presided over the criminal trial?
>
> 2. Whether the evidence presented at Appellant's trial was insufficient as a matter of law to sustain his conviction?
>
> 3. Was there judicial misconduct by the trial judge, judicial misconduct by the district attorney's office and/or conspiracy between the district attorney's office, the Office of Children and Youth ["CYS"] and the Pennsylvania State Police?
>
> 4. Did the trial judge commit a manifest abuse of discretion when he denied Appellant a change of venue?
>
> 5. Did the trial judge commit a manifest abuse of discretion when he allowed the CYS caseworker to testify at trial to hearsay statements of the victims, who testified at trial?

Appellant's brief at 4 (unnecessary capitalization omitted).

We begin by noting that the brief includes argument advocating the merits of only the first question. *Id*. at 16-21. The remaining questions are discussed in a separate portion of the brief under the heading "**Anders** brief," which concludes with counsel's assessment that these issues lack merit. *Id*. at 22-29. As this Court thoroughly discussed in **Commonwealth v. Morrison**, 173 A.3d 286 (Pa.Super. 2017), such a hybrid advocate's/no-merit brief is improper.

The ***Morrison*** Court noted that, while indigent defendants have the constitutional right to counsel on direct appeal, all attorneys have the ethical obligation to refrain from pursuing frivolous appeals. ***Id***. at 291. "When appointed counsel is asked to pursue an appeal that he or she, after 'conscientious examination,' deems to be '**wholly** frivolous,' counsel must seek to withdraw from representation on appeal by using the procedure outlined by the United States Supreme Court and our Supreme Court." ***Id***. (citing ***Anders v. California***, 386 U.S. 738, 744 (U.S. 1967); ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009)) (emphasis added in ***Morrison***). The ***Anders*** procedure is designed "to give an indigent defendant access to counsel who uses his or her trained eye to make the same diligent and thorough evaluation of the case as a retained lawyer before concluding that an appeal is frivolous." ***Id***.

However, this procedure for withdrawal of counsel under ***Anders*** "applies only to appeals that are **wholly** frivolous—that is, cases where counsel has determined that there are no arguments that counsel may advance because **all** issues lack basis in law and/or fact." ***Id***. (emphases in original). If counsel identifies any non-frivolous issue, he or she must file an advocate's brief that, to the best of counsel's ability, seeks to persuade this Court to grant relief. ***Id***. The indigent defendant has no right to require counsel to pursue even non-frivolous arguments if counsel, in exercising professional judgment, determines it is best to decline to do so. ***Id***. at 292.

"The process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Id*. (cleaned up).

The **Morrison** Court found persuasive the reasoning of the Third Circuit Court of Appeals in **United States v. Turner**, 677 F.3d 570 (3d Cir. 2012), when it too was faced with a brief that both advocated some claims and explained why others were frivolous. Turner and his counsel requested that Turner be granted leave to file a supplemental *pro se* brief in which to present arguments on the issues counsel had deemed to be frivolous, but the court declined, holding that hybrid representation is impermissible. **Morrison**, **supra** at 292. The court concluded that counsel's hybrid approach was contrary to the Rules of Professional Conduct, which require a lawyer "to reasonably consult with the client about the means by which the client's objectives are to be accomplished. When a client and counsel disagree, the client may discharge the lawyer. Moreover, the rules permit the lawyer to exercise professional discretion." *Id*. at 293 (cleaned up). The **Turner** court thus rejected the quasi-**Anders** procedure, and concluded that "when disagreements arise between counsel and the client as to the issues to include in an appellate brief, counsel should evaluate the issues and present only the issues that counsel believes, consistent with his or her ethical duty, are meritorious." *Id*.

Although it acknowledged that counsel's efforts were well-intentioned, the ***Morrison*** court held that the hybrid advocate's/***Anders*** brief was improper. Since it is entirely acceptable for attorneys to elect to omit non-frivolous issue in litigating an appeal, the Court saw no reason for counsel who has identified a valid basis to seek relief to also present frivolous issues that the client wishes to argue. ***Id***. The Court noted that the availability of post-conviction collateral relief supports this course, as "the appellant may assert counsel's ineffectiveness at a later time and, thus indirectly, assert the claims he or she would have made on direct appeal." ***Id***. (internal quotation marks and citation omitted).

Accordingly, the ***Morrison*** Court held as follows:

> when counsel and an appellant disagree on which issues should be raised and/or briefed on appeal, counsel must only raise and/or brief the issues that counsel believes, consistent with counsel's ethical duty, to be nonfrivolous. If the disagreement arises prior to counsel's filing of briefs, the appellant is free to petition for the withdrawal of counsel in order for the appellant to attempt to proceed *pro se* or with privately-retained counsel. If the disagreement arises after briefs have been filed by appointed counsel, and the appellant remains convinced of the merit of his or her proposed issues, the appellant may later challenge the effectiveness of his or her appellate counsel in a timely-filed collateral attack pursuant to the PCRA.

***Id***.

In conducting its analysis, the Court noted that Morrison did not attempt to file a *pro se* brief in that case, but, "[i]f he had, we would not have been permitted to consider it, as hybrid representation on direct appeal is not permitted in Pennsylvania." ***Id***. at 292 n.5 (citing ***Commonwealth v. Ellis***,

626 A.2d 1137, 1141 (Pa. 1993)). The Court also observed that our Supreme Court has made clear that "a criminal appellant who challenges the effectiveness of his appellate counsel's representation cannot terminate counsel after the time of counsel's filing of appellate briefs simply because he wishes to file *pro se* appellate briefs." **Id**. (citing **Commonwealth v. Rogers**, 645 A.2d 223, 224 (Pa. 1994)) (internal quotation marks omitted). "Instead, the appellant must remain with counsel through the appeal, once counsel has filed briefs, but may assert appellate counsel's ineffectiveness at a later time." **Id**. (cleaned up).

Hence, it is clear that counsel's quasi-*Anders* brief is improper, and that Appellant is not entitled to proceed *pro se* at this stage of the appeal. As detailed above, Appellant made no request to proceed *pro se* until after counsel filed his brief. Moreover, the motion to proceed *pro se* also included a request for the appointment of new counsel along with allegations of ineffective assistance of present counsel. Applying the reasoning of **Morrison** to the instant case, (1) we deny Appellant's late motion to proceed *pro se*;[2] and (2) we shall limit our review to the issue upon which counsel advocates for relief, and leave any determination as to the merits of claims which counsel declined to argue for Appellant to litigate on collateral review, subject to the requirements of the PCRA.

_____

[2] **See Commonwealth v. Jette**, 23 A.3d 1032, 1044 (Pa. 2011) ("[O]nce the brief has been filed, any right to insist upon self-representation has expired.").

Appellant asserts that his due process rights were violated when the trial court served as the fact-finder at a non-jury trial after having presided over motions where he was privy to the hearsay statements of the victims. Appellant's brief at 18-19. In support, Appellant cites our Supreme Court's decision in **Commonwealth v. Paquette**, 301 A.2d 837 (Pa. 1973). In that case the Court, considering a claim that the judge who ruled upon the defendant's suppression motion should not have presided over the subsequent non-jury trial, noted that "[t]he better practice in a multi-judge county would be to have the trial conducted by someone other than the judge who presided over the Suppression Proceedings particularly where there is a waiver of jury accepted." *Id*. at 841.

Appellant acknowledges that the issue of disqualification or recusal of the judge was not preserved by a timely objection in the trial court and that he entered a knowing and voluntary waiver of his right to a jury trial at the time he waived it. *Id*. at 19-20. However, Appellant emphasizes that the waiver pre-dated the Commonwealth's Tender Years notice, and that no new colloquy was conducted afterwards to ensure that Appellant "understood that the same judge would be hearing trial testimony, after hearing damaging testimony during the Tender Years Hearing." *Id*. at 20-21. Appellant argues that his waiver of the right to a jury trial was rendered unknowing by the Commonwealth's subsequent Tender Years notice and hearing, and that "best

practice and his due process right would have been served if another judge . . . presided over the trial or the Tender Years Hearing." *Id*. at 21.

In its brief, the Commonwealth's only countervailing argument is that Appellant was colloquied regarding the fact that the same judge would hear the pretrial motions and preside at trial, and Appellant thus waived any potential conflict. Commonwealth's brief at 5 (citing N.T. Omnibus Pretrial Motions, 12/30/16, at 36-37).

We are not persuaded that Appellant is entitled to relief. Our Supreme Court has explained that *Paquette* did not create "a mandatory requirement even in a multi-judge district[.]"[3] *Commonwealth v. Goodman*, 311 A.2d 652, 653 (Pa. 1973). Rather, the High Court has clarified that the rule regarding the same judge hearing pretrial motions and presiding over the subsequent trial is that "a judge should honor a request for recusation where prejudicial information is received in a pre-trial proceeding that would be otherwise inadmissible during the trial of the cause." *Id*. at 654. "Whether a trial judge should recuse himself thus depends upon the type of evidence that the judge hears; if the evidence is inadmissible and is of a highly prejudicial nature, the judge should recuse himself or declare a mistrial if it is too late for recusal." *Commonwealth v. Lewis*, 460 A.2d 1149, 1151 (Pa.Super. 1983). This Court has more recently summarized the applicable law as follows:

---

[3] Wayne County is not a multi-judge district.

The mere participation by the trial judge in an earlier stage of the proceedings does not provide a *per se* basis for requiring recusal of the trial judge.

The determination of whether a trial judge should recuse himself depends upon the following: the type of evidence that the judge hears; if the evidence is inadmissible and is of a highly prejudicial nature, the judge should recuse himself or declare a mistrial if it is too late for recusal. The judge should also recuse himself whenever there is substantial doubt as to his ability to preside impartially. The burden to show prejudice, however, is on the party seeking recusal. If the evidence is admissible, or not of a highly prejudicial nature, recusal is not required, and while it may be the better practice to have a different judge preside over trial than preside over pre-trial proceedings, such a practice is not constitutionally required and has not been made the basis for setting aside a verdict reached in an otherwise proper trial. This principle appears to be based on the prevailing view that judicial fact-finders are capable of disregarding prejudicial evidence.

*Commonwealth v. Postie*, 110 A.3d 1034, 1038 (Pa.Super. 2015) (cleaned up).

Moreover, our Supreme Court has made clear that even if a judge should have recused himself or herself under the above standards, an appellant is not entitled to relief unless the issue was preserved at trial by raising it in the trial court. *See Goodman*, *supra* at 654 (finding claim that trial court should have granted defendant's motion to disqualify was waived for appeal because it was not included in post-sentence motion); *Paquette*, *supra* at 841 (holding defendant not entitled to relief where he did not request that the judge recuse himself).

Application of this precedent to the facts of the instant case demonstrates that Appellant's claim must fail. First, Appellant did not

preserve the issue for appeal. Upon questioning by the trial court, Appellant expressly indicated at the hearing on pretrial motions that he would **not** ask for recusal if the case remained in Wayne County. N.T. Omnibus Pretrial Motions, 12/30/16, at 36-37. Appellant did not express any change of heart by presenting a motion for recusal after the Tender Years hearing was held. Nor did he file a post-sentence motion preserving the issue. Hence the claim of error is waived. *Goodman*, *supra* at 654; *Paquette*, *supra* at 841.

Moreover, Appellant couches his claim in terms of a due process violation; yet, as indicated above, this Court has expressly stated that having a different judge try a case than the one who heard pretrial motions "is not constitutionally required." *Postie*, *supra* at 1038. Finally, the trial court, after hearing the Tender Years testimony at the hearing on pretrial motions, ruled that the evidence was admissible, and Appellant does not claim that that ruling was erroneous.[4] Recusal is not warranted if the pretrial evidence is admissible at trial. *Id*. For any and all of these reasons, Appellant's claim warrants no relief from this Court.

However, our review of the record does reveal that Appellant is entitled to some relief on a different issue. By order dated October 5, 2017, the trial court found Appellant to be an SVP by clear and convincing evidence pursuant to 42 Pa.C.S. § 9799.24(e)(3) of the Sexual Offender Registration and

---

[4] Counsel addressed the admissibility of the Tender Years testimony in the "*Anders* Brief" portion of Appellant's brief.

Notification Act ("SORNA"). On October 31, 2017, this Court held "that section 9799.24(e)(3) of SORNA violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt." *Commonwealth v. Butler*, 173 A.3d 1212, 1218 (Pa.Super. 2017), *appeal granted*, 190 A.3d 581 (Pa. 2018). "Since *Butler* finds that this issue pertains to the legality of the sentence, . . . we may reach [the issue] *sua sponte*." *Commonwealth v. Tighe*, 184 A.3d 560, 583 (Pa.Super. 2018), *appeal granted*, 195 A.3d 850 (Pa. 2018).

As such, we vacate the order designating Appellant as an SVP. However, we need not remand for the issuance of new notice of his registration requirements; "[s]ince Appellant was convicted of a Tier III offense, he is still required to register for life." *Commonwealth v. Tighe*, 184 A.3d 560, 583 (Pa.Super. 2018), *appeal granted*, 195 A.3d 850 (Pa. 2018).

Application to Proceed *Pro Se* denied. SVP designation vacated. Judgment of sentence affirmed in all other respects. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/19

- 12 -